IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE B. CHAVEZ,

      Plaintiff,

vs.                                                                                               CIV. No. 96-645 JP/LCS

NEW MEXICO TAXATION & REVENUE DEPARTMENT;
JOHN CHAVEZ, Secretary of the Department;
RICHARD MAAG, Inspector General of the Department;
GAIL REESE, Deputy Secretary of the Department;
JOE PADILLA, Personnel Director of the Department;
the NEW MEXICO STATE PERSONNEL BOARD;
DON JORDAN, Chair of the Board;  WILLIAM GUMPTON,
HOWARD THOMAS and WILLIAM GOLDEN, members of the Board;
JOAN "JODY" G. HOOPER, Director of New Mexico State Personnel Office;
GIP BROWN, Director of Agency Services of the New Mexico State Personnel Office;
and THE STATE OF NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

The subject of this Memorandum Opinion and Order is "Plaintiff's Motion for Remand Subject to Waiver of Defenses," (Doc. #54), filed November 18, 1997.  After careful consideration of the pleadings and the law, I conclude that I should grant plaintiff's motion to remand.

**I.  Procedural Background.**

On April 11, 1996, Mr. Chavez filed his original complaint in the Second Judicial District Court, Bernalillo County, State of New Mexico.  The complaint has since been amended and Mr. Chavez's allegations include violation of civil rights and breach of contract by the defendants.  See "Plaintiff's Second Amended Complaint for Violation of Federal Civil Rights Acts, Breach of Contract, and Declaratory Relief" (Doc. #57).  The incident which gave rise to the allegations was the termination of plaintiff Joe B. Chavez by the New Mexico Taxation and Revenue Department.

Mr. Chavez, who is Hispanic, alleges that he was terminated based on his race. On May 10, 1996, defendants removed the case to this court. The removal, however, was improper.

## II. Eleventh Amendment Immunity.

The complaint names as defendants the New Mexico Taxation & Revenue Department; John Chavez, Secretary of the Department; Richard Maag, Inspector General of the Department; Gail Reese, Deputy Secretary of the Department; Joe Padilla, Personnel Director of the Department; the New Mexico State Personnel Board; Don Jordan, Chair of the Board; William Gumpton, Howard Thomas, and William Golden, members of the Board; Joan "Jody" G. Hooper, Director, New Mexico State Personnel Office; and the State of New Mexico (the "State Defendants"). I agree with Mr. Chavez' assertion that absent a valid waiver of the State Defendant's Eleventh Amendment immunity, this action must remanded to state court.

The Eleventh Amendment to the United States Constitution bars lawsuits in federal court seeking damages against a state, its departments or agencies, and its employees acting in their official capacities, unless the state has affirmatively waived its immunity. Bishop v. John Doe 1, 902 F.2d 809, 810 (10th Cir.), cert. denied, 498 U.S. 873 (1990). The attorneys for the State Defendants filed a pleading entitled "Defendants' Limited Waiver of Eleventh Amendment Immunity" (Doc. #61). In that document, the defendants assert that for the purposes of this litigation, they "waive" their Eleventh Amendment immunity. I conclude, however, that the purported waiver is ineffective.

A state may waive its Eleventh Amendment immunity by consenting to suit, either by *statute* or *constitutional provision*. Atascadero State Hospital v. Scanlon, 473 U.S. 234, 238 (1985). Any statutory or constitutional waiver of Eleventh Amendment immunity by a state must be specific and unambiguous. Edelman v. Jordan, 415 U.S. 651, 673 (1974). The issue here is not whether the

language of the waiver was specific or unambiguous, but whether the attempted waiver by a court pleading is effective.

The State Defendants, by submitting a purported limited waiver of their Eleventh Amendment immunity, have asserted that through pleading they may waive their Eleventh Amendment immunity. In a similar situation, the United States Court of Appeals for the Tenth Circuit addressed the issue of whether the Wyoming Attorney General had authority to waive sovereign immunity and consent to suit in federal court. The Court determined that the Wyoming statute, which authorized the Attorney General to go into state or federal court to prosecute or defend suits on behalf of the state whenever its interests would be best served by doing so, did not waive the state's immunity from suit and did not authorize a waiver by the Attorney General. Williams v. Eaton, 443 F.2d 422, 428 (10th Cir. 1971). The Tenth Circuit concluded that in the absence of a statute expressing the required waiver or explicitly authorizing waiver by the Attorney General, the Attorney General's attempted waiver by pleading was ineffective. Id. In this case, no New Mexico statute or provision expressly waives immunity or authorizes counsel to waive Eleventh Amendment immunity on behalf of the State Defendants. Thus, the purported waiver of immunity is ineffective.

### III. Remand.

This case was removed under 28 U.S.C. § 1441. Section 1441(b) provides in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Section 1441(b) only authorizes the removal of civil actions that are within the "original jurisdiction" of the district court. In Fay v. Davis, I followed the Fifth Circuit in holding that "civil action" refers to the entirety of the case filed in state court, including the federal claims. Fay v. Davis, No. CV-95-

949-JP, unpub. order (D.N.M., filed Dec. 5, 1995) (quoting McKay v. Boyd Constr. Co., 769 F.2d 1084 (5th Cir. 1985)).  If any claim asserted by Mr. Chavez in state court could not have originally been brought in federal district court, then that claim along with the entirety of the case must be remanded to state court.  See also Flores v. Long, 926 F.Supp. 166 (D.N.M. 1995)(Hansen, J.), appeal dismissed, 110 F.3d 730 (10th Cir. 1997).  Here, the entire case could not have been brought in federal court because the State Defendants are entitled to Eleventh Amendment immunity, which bars suit in federal court.  As a result, I lack jurisdiction over the subject matter.  Because this action was removed, 28 U.S.C. § 1447(c) directs that I remand the case.

    IT IS THEREFORE ORDERED that Plaintiff's motion for remand is GRANTED and this case is remanded to the Second Judicial District Court, Bernalillo County, State of New Mexico.

*James A. Parker*
UNITED STATES DISTRICT JUDGE

4